CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
MAY 25 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| GREGORY S. DUNCAN,<br><br>*Plaintiff,*<br><br>v.<br><br>GE CONSUMER FINANCE, INC.<br>d/b/a GE MONEY BANK,<br><br>*Defendant* | CIVIL NO. 3:06cv00062<br><br><br>ORDER and OPINION<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's Motion for Default Judgment, filed on May 8, 2007 (docket entry no. 7). Plaintiff has moved this Court to: 1) enter default judgment on his first and third causes of action; and 2) if such motion is granted, dismiss without prejudice his remaining causes of action. For the following reasons, Plaintiff's motion will be DENIED in an order to follow.

First, Plaintiff seeks default judgment on his first and third causes of action. It appears in the record that proper service has been had and that Defendant has failed to make any defense within the time provided by law.

Under Rule 55(a) of the Federal Rules of Civil Procedure, a party's default may be entered by the clerk when a defendant has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a). Defendant's default was properly entered by the Clerk of this Court on March 7, 2007. (*See* docket entry no. 6) Under Rule 55(b)(2), a plaintiff may subsequently move for default judgment to be entered by the court, provided that the plaintiff has filed, among other documents, an appropriate affidavit as to the amount due from the defendant to the plaintiff. *See* Fed. R. Civ.

P. 55(b)(2).[1] Here, although the record contains evidence of the damages claimed by Plaintiff, Plaintiff has failed to submit this evidence in the form of an affidavit as required by Rule 55.

Plaintiff seeks an award of $3,733.31 in attorneys' fees. Plaintiff is entitled to recover reasonable attorneys' fees under both 15 U.S.C. §1640(a)(3) and Virginia Code §6.1-309. However, the award is limited to only those fees associated with Plaintiff's first and third causes of action, the ones for which he now seeks default judgment. The Declaration provided by Plaintiff's attorney fails to make any distinction between the costs associated with the first and third causes of action for which Plaintiff seeks default judgment, and the second and fourth causes of action for which Plaintiff seeks conditional dismissal.

Upon curing the deficiencies in his motion, namely by filing the required affidavit containing an appropriate calculation of attorneys' fees for his first and third causes of action, Plaintiff may resubmit the matter to this Court for entry of default judgment.

Second, Plaintiff requests dismissal without prejudice of his remaining causes of action in the event that default judgment on his first and third causes of action is granted. Because the Court is not prepared to grant default judgment, the Court will not consider Plaintiff's motion for conditional dismissal. However, under Rule 41 of the Federal Rules of Civil Procedure, Plaintiff may voluntarily dismiss his remaining causes of action by his own stipulation, and does not need the permission of this Court. *See* Fed. R. Civ. P. 41(a)(1).

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order and Opinion to all counsel of record.

---

[1] Although Fed. R. Civ. P. 55(b)(2) is unclear, an affidavit of the amount due is required when a plaintiff is seeking the court's entry of a judgment by default. *See Fisher v. Taylor*, 1 F.R.D. 448, 448 (E.D. Tenn. 1940).

ENTERED: /s/ Norman K. Moon
United States District Judge

Date: May 25, 2007