CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

NOV 0 5 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## Charlottesville Division

|  |  |
|---|---|
| GREGORY S. DUNCAN, | Case No. 3:06CV00062 |
| *Plaintiff,* |  |
| v. | MEMORANDUM OPINION AND ORDER |
| GE CONSUMER FINANCE, INC. D/B/A GE MONEY BANK | |
| *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's Motion for Default Judgment (docket no. 7). Plaintiff requests the Court to enter default judgment in his first and third causes of action, his claims under the Truth in Lending Act, 15 U.S.C. § 1602, and the Virginia Consumer Finance Act, VA. CODE § 6.1-244, *et seq.* Plaintiff also asks the Court to dismiss without prejudice his remaining claims of libel and usury, and award damages and reasonable attorney's fees. For the reasons stated below, Plaintiff's motion is hereby GRANTED, and judgment will be entered in favor of the Plaintiff in the amount of $2,910.04 and attorney's fees and costs in the amount of $3,938.69.

## I. BACKGROUND

Plaintiff filed the Complaint in this action on November 20, 2006, asserting four causes of action arising from a short-term loan obtained from Defendant. Specifically, Plaintiff claims Defendant (1) failed to provide required disclosures and improperly calculated the annual percentage rate in violation of the Truth in Lending Act; (2) falsely published defamatory language concerning Plaintiff to credit reporting agencies; (3) was not a licensed lender and charged a rate of interest in violation of Virginia Consumer Finance Act; and (4) charged an

interest rate in excess of Virginia usury law. Defendant did not file an Answer to the Complaint. On May 4, 2007, Plaintiff moved for an entry of default pursuant to Federal Rule of Civil Procedure 55(a), and default was entered by the Clerk on May 7, 2007. Plaintiff now requests that Default Judgment be entered.

## II. DISCUSSION

*A. Default Judgment*

A default judgment is appropriate where a defendant has failed to plead or otherwise defend the action. *Music City Music v. Alfa Foods, Ltd.*, 616 F.Supp. 1001, 1002 (E.D. Va. 1985); *see also* Fed. R. Civ. P. 55. The decision to enter default judgment lies within the sound discretion of the Court, *Broglie v. Mackay-Smith*, 75 F.R.D. 739, 742 (W.D. Va. 1977), although default judgment is ordinarily disfavored, *Tazco, Inc., v. Dir., Office of Workers Comp. Programs, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990).

Upon default, the well-pleaded allegations in the complaint are taken as true. *See, e.g., Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *see also* Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."). The Court is not required to make detailed findings of fact, *Fair Hous. of Marin*, 283 F.3d at 906, and need only conduct a hearing if the damages are not for a sum certain, *United Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

In this case, the Defendant has completely failed to defend the case. Defendant did not file an Answer and did not respond to either the motion for default or the motion for default judgment despite ample time to do so. As a result, default judgment is appropriate.

2

*B. Damages*

Plaintiff has requested that I award $2,910.04 in damages, which consists of $252.78

for his Truth in Lending Act claim[1] and $2,657.26 for his claim under the Virginia Consumer

Finance Act.[2] Plaintiff has submitted detailed records in support of his claims in the form of

affidavits, bank statements, and credit statements from the Defendant. I have reviewed the

evidence submitted and find that the damages requested are in accordance with the Truth in

Lending Act and the Virginia Consumer Finance Act. Accordingly, I award Plaintiff damages

of $2,910.04.

*C. Attorney's Fees*

Plaintiff has also requested attorney's fees and costs in the amount of $4,553.69,

consisting of $3,745 in fees[3] and $808.69 in costs. Both the Truth in Lending Act, 15 U.S.C.

§ 1640(a)(3), and the Virginia Consumer Finance Act, VA. CODE § 6-1.309(A), provide for the

mandatory payment of costs and reasonable attorney's fees. Therefore, the only question

before the Court is whether the requested fee is reasonable.

The determination of whether a requested fee is reasonable begins with the lodestar

formula, which is the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate. *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998). The lodestar

figure is presumed reasonable, *Blum v. Stenson*, 465 U.S. 886, 897 (1984), but may be adjusted

upward or downward after consideration of (1) the time and labor required to litigate the suit;

(2) the novelty and difficulty of the questions presented; (3) the skill required to perform

---

[1] Plaintiff is entitled, pursuant to 15 U.S.C. § 1640(a)(2)(A)(i), to twice the amount of any finance charge in connection with the transaction. Defendant imposed a finance charge of $126.39 in its last bill sent to the Plaintiff.
[2] Any loan contract made in violation of the Virginia Consumer Finance Act is void, and the debtor may recover any amount paid toward the principal or interest. VA. CODE § 6-1.308(B).
[3] The $3,745 in attorney's fees include $645 in paralegal fees.

properly the legal service; (4) the attorney's opportunity cost in accepting the case; (5) the customary fee for such work; (6) the attorney's expectations at the outset of litigation; (7) any time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship between attorney and client; and (12) fee awards in similar cases, *Brodziak*, 145 F.3d at 196.

The reasonable hourly rate is based upon the prevailing market rate of lawyers of comparable skill, experience, and reputation in the relevant community. *Blum*, 465 U.S. at 895; *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994). Plaintiff's counsel, Garrett M. Smith, submits by affidavit that his hourly rate is $250 and that the rate for his paralegal is $75 per hour. Unfortunately, Plaintiff did not provide any evidence to establish that this is counsel's ordinary hourly rate or that attorneys of similar skill and experience charge $250 as their hourly rate. However, a recent survey of cases in this district has determined that $250 is a reasonable hourly rate. *See Miller v. Pilgrim's Pride Corp.*, No. 5:05CV00064, 2007 WL 2570219, at *8 (W.D. Va. Aug. 31, 2007) (finding that $250 is a reasonable rate within the Western District of Virginia). Therefore, I find that Mr. Smith's claimed rate of $250 is reasonable.

Plaintiff must also establish that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary. *Rum Creek Coal Sales, Inc.*, 31 F.3d at 174–75. Plaintiff has submitted detailed time records for his attorney and paralegal, consisting of 13.4 hours for his attorney and 8.6 hours for his paralegal. Of these 13.4 hours, two were spent on Plaintiff's claims for usury and libel, which are noncompensable. I find the remaining time expended to be reasonable for the

4

work performed. I decline, however, to award fees for the additional hours spent in response to my May 25 and June 12 Orders. Therefore, I will subtract all hours listed after May 8, 2007: 1.4 hour for Mr. Smith and 0.2 hours for his paralegal.[4] Plaintiff shall receive attorney's fees for the remaining ten hours of $2,500, paralegal fees for the remaining 8.4 hours of $630, and $808.69 in costs, for a total of $3,938.69.[5]

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Default Judgment is GRANTED. Defendant is hereby ORDERED to pay the Plaintiff $2,910.04 in damages and $3,938.69 in attorney's fees and costs. Plaintiff's second and fourth causes of action are hereby DISMISSED without prejudice.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: _____

United States District Judge

Nov. 5, 2007

Date

---

[4] Although Plaintiff's first request for fees listed only 9.0 hours for Mr. Smith and 5.7 hours for his paralegal, the itemized time enclosed with this request did not include time expended in May prior to Plaintiff's initial filing for default judgment.

[5] Although the fees awarded exceed the damages recovered by the Plaintiff, there is no indication in the Truth in Lending Act that Congress intended to so limit fee awards. *See In re Matter of Pine*, 705 F.2d 936, 938 (7th Cir. 1983) (finding that the Truth in Lending Act does not require attorney fee awards to be less than damages recovered).

5